Paul H. Trinchero, Bar #014397
E-Mail: ptrinchero@gsblaw.com
Garvey Schubert Barer
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon  97204-3141
Telephone: 503 228 3939
Facsimile: 503 226 0259

    Attorneys for Plaintiff
    USI Insurance Services, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| USI INSURANCE SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JON R. MCKNIGHT, an individual; RAMONA T. HOLMES, an individual; SERVCO INSURANCE SERVICES WASHINGTON, LLC, a Washington limited liability company,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**Breach of Employment Contract; Misappropriation of Trade Secrets; Intentional Interference with Business Relations; Injunctive Relief and Damages (28 U.S.C. § 1332)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff USI Insurance Services, LLC alleges as follows:

**PARTIES**

1.

USI Insurance Services, LLC ("USI") is a Delaware limited liability company with its principal place of business in Valhalla, New York.

2.

Jon R. McKnight ("McKnight") is an individual residing in Lincoln County. McKnight is licensed with the State of Oregon as an insurance broker.

3.

Ramona T. Holmes ("Holmes") is an individual residing in Lincoln County.

4.

Servco Pacific Insurance is an assumed business name of Servco Insurance Services Washington, LLC ("Servco"). Servco is a Washington limited liability company with its principal place of business in Seattle, Washington. On information and belief, Servco's members are citizens of Hawaii and/or Washington.

## JURISDICTION

5.

This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Plaintiff shares no state of citizenship with any defendant and the amount in controversy exceeds $75,000. Plaintiff is a citizen of New York and Delaware. Defendants McKnight and Holmes are citizens of Oregon. Defendant Servco is a Washington limited liability company. On information and belief, Servco's members are citizens of Washington and/or Hawaii.

6.

This Court has personal jurisdiction over defendants McKnight and Holmes because they reside in the District of Oregon (the "District"). This Court has personal jurisdiction over defendant Servco because it authorized to do business in this state and the wrongful actions alleged herein occurred in this District. Further, defendants' actions have caused substantial harm to plaintiff within this District.

**VENUE**

7.

Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because (1) defendants McKnight and Holmes reside in this District, (2) defendant is authorized to do business in this District, (3) a substantial part of the events giving rise to the claims in this action occurred in this District, and (4) defendants are subject to personal jurisdiction in this District.

**FACTS COMMON TO ALL CLAIMS**

8.

On or about September 18, 1995, McKnight entered into an employment agreement with Acordia/Pettit-Morry Co. of Oregon (hereinafter "Employment Agreement") to work in the company's branch office in Newport, Oregon ("Newport Branch"). The Employment Agreement contains provisions prohibiting McKnight from using or disclosing Confidential Information. The Employment Agreement further provides that, for a period of three (3) years after the termination of his employment, McKnight may not solicit, accept, divert or participate in the handling of any insurance business for any customer that had an open account at any time in the two (2) years preceding the date his employment ends (hereinafter "Newport Customers"). The Agreement further provides that McKnight will promptly hand over all, and not take or remove, any documents or materials that contain Confidential Information.

9.

In April 1997, Acordia/ Pettit-Morry Co. of Oregon changed its name to Acordia of Oregon, Inc. Acordia of Oregon, Inc. was later acquired by Wells Fargo as part of a larger transaction in or around May 2001. Acordia of Oregon, Inc. changed its name to Wells Fargo Insurance Services, Inc. in January 2006. On January 1, 2010, Wells Fargo Insurance Services, Inc. merged into Wells Fargo Insurance Services USA, Inc. ("WFI").

10.

On or about June 13, 2006, Holmes was employed by Wells Fargo Insurance Services, Inc., formerly known as Acordia of Oregon, Inc., to work with McKnight in the Newport Branch.  At the time of her employment, Holmes entered into an Agreement Regarding Trade Secrets, Confidential Information and Non-Solicitation ("Trade Secret Agreement".)  As part of the Trade Secret Agreement, Holmes agreed not to use or disclose Wells Fargo Insurance Services, Inc.'s confidential and trade secret information.

11.

On or about January 22, 2014, USI and WFI entered into an Asset Purchase Agreement whereby USI agreed to purchase certain assets of WFI.  Pursuant to the Asset Purchase Agreement, USI agreed to offer employment to all WFI employees affected by the transaction on terms as favorable as or better than the terms of their employment with WFI.  As part of that transaction, WFI assigned its rights in McKnight's Employment Agreement to USI .   USI has standing to enforce the Employment Agreement as the assignee of WFI.  USI also purchased and was assigned all rights to WFI's customers, prospective customers, renewal rights, customer and prospective customer lists, and all other confidential or proprietary information relating to the assets purchased by USI.  In addition, USI assumed the lease for the Newport Branch.  USI's purchase of WFI's assets closed on or about May 2, 2014.

12.

Prior to closing, USI offered employment to McKnight on terms that would result in his total compensation being the same or greater than he had received from WFI.  On or about May 1, 2014, McKnight advised USI that he would not accept employment with USI after the asset purchase transaction closed on May 2, 2014.  On May 2, 2014, USI's counsel sent notice to McKnight that it expected him to honor his contractual obligations under the Employment Agreement.  McKnight voluntarily terminated his employment with WFI on May 2, 2014.

13.

On or about May 6, 2014, Servco announced that it was opening a new office in Newport, Oregon with McKnight as its principal. The announcement provides that McKnight's office staff – Holmes, Debra L. Smith ("Smith") and Suzann Keesee ("Keesee") – were also joining Servco to work in the Newport office. Holmes, Smith and Keesee are all former WFI employees who terminated their employment on May 2, 2014. Servco had filed its Application for Authority to Transact Business in the State of Oregon on March 20, 2014 – approximately one month after USI's intent to purchase WFI assets was announced.

14.

On or about May 7, 2014, USI's counsel sent notice to Servco of McKnight's contractual obligations under the Employment Agreement.

15.

As part of its transaction with WFI, USI purchased and was assigned all rights in WFI's confidential and proprietary information including, without limitation, customer and prospective customer lists and information (hereinafter "Confidential Information"). This Confidential Information includes, without limitation, customer names, contact information, policy expiration dates, policy terms, conditions and rates, risk characteristics, insurance needs, insurance markets for particular, and all other confidential information regarding customers.

16.

The Confidential Information constitutes protected trade secret information because it derives independent economic value, actual and potential, from not being generally known to the public or to competitors in the insurance industry, such as Defendants, who can obtain economic value from its use. The Confidential Information has been and continues to be subject to reasonable efforts to maintain its secrecy, including without limitation, requiring employees to enter into confidentiality and nondisclosure agreements, limiting access to confidential

information, and maintaining some or all of the Confidential Information on a password protected computer system.

17.

During their employment with WFI, McKnight and Holmes had access to and used the Confidential Information in their work and for the benefit of WFI. On information and belief, McKnight and Holmes took Confidential Information that now belongs to USI and are using and/or disclosing the Confidential Information to solicit USI's Newport Customers on behalf of themselves and Servco.

18.

McKnight, with the assistance of Holmes, has solicited USI's Newport Customers. USI has received two broker of record change letters transferring the customers' business from USI to McKnight and Servco.

19.

On information and belief, McKnight has contacted certain insurance carriers that provide insurance for Newport Customers with the improper purpose of interfering with USI's ability to continue to provide insurance coverage to those customers and enforcing its rights under the Employment Agreement.

## CLAIM FOR RELIEF

## COUNT ONE

## (BREACH OF EMPLOYMENT AGREEMENT)

### (Against McKnight)

20.

Plaintiff realleges paragraphs 1 through 19.

21.

McKnight agreed to comply with the terms of the Employment Agreement. Those terms

included restrictions on the use, retention and disclosure of the Confidential Information. The terms also restrict McKnight from soliciting, accepting, diverting or participating in the handling of any insurance business for any of USI's Newport Customers for a period of three years.

22.

McKnight has breached the terms of the Employment Agreement by misappropriating, disclosing and using Confidential Information to solicit USI's Newport Customers and by contacting certain insurance carriers that provide insurance for Newport Customers with the improper purpose of interfering with USI's ability to continue to provide insurance coverage to those customers. McKnight has further breached the terms of the Employment Agreement by directly and indirectly soliciting USI's Newport Customers.

23.

USI has and continues to suffer irreparable injury as a direct and proximate result of McKnight's breach of his contractual obligations. USI is entitled to the injunctive relief prohibiting McKnight from soliciting, accepting, diverting or participating in the handling of any insurance business for any of USI's Newport Customers for a period of three years, and from contacting insurance carriers that provide insurance for Newport Customers with the purpose of interfering with USI's ability to continue to provide insurance coverage to those customers. USI is further entitled to recover compensatory and consequential damages from McKnight's unlawful solicitation of USI's Newport Customers in an amount to be determined at trial.

24.

USI is entitled to recover its reasonable attorney fees and costs pursuant to section 14 of the Employment Agreement.

## COUNT TWO

## MISAPPROPRIATION OF TRADE SECRETS

### (Against McKnight, Holmes and Servco)

25.

Plaintiff realleges paragraphs 1 through 23.

26.

While employed by WFI, McKnight and Holmes had access to Confidential Information. Pursuant to McKnight's Employment Agreement and Holmes's Trade Secret Agreement, McKnight and Holmes owed contractual duties to maintain the secrecy of the Confidential Information. On information and belief, McKnight and Holmes have taken and are using the Confidential Information to solicit USI's Newport customers on behalf of themselves and Servco.

27.

McKnight has breached the terms of the Employment Agreement by misappropriating, disclosing and using Confidential Information to solicit USI's Newport customers. On information and belief, McKnight has used the Confidential Information to contact certain insurance carriers that provide insurance for Newport Customers with the improper purpose of interfering with USI's ability to continue to provide insurance coverage to those customers.

28.

Holmes has misappropriated the Confidential Information by disclosing and using it to solicit USI's Newport Customers.

29.

Servco is using, disclosing and/or benefitting from McKnight and Holmes' misappropriation of Confidential Information. Servco knew or had reason to know that McKnight and Holmes are subject to contractual and common law duties not to use or disclose

the Confidential Information.

30.

USI has and continues to suffer irreparable injury as a direct and proximate result of defendants' misappropriation of the Confidential Information. USI is entitled to injunctive relief prohibiting McKnight, Holmes and Servco from soliciting USI's Newport Customers for a period of three (3) years from the date McKnight's employment ended and from contacting insurance carriers that provide insurance for Newport Customers with the purpose of interfering with USI's ability to continue to provide insurance coverage to those customers. USI is further entitled to recover compensatory and consequential damages in an amount to be determined at trial resulting from defendants' misappropriation and use of the Confidential Information to solicit USI's Newport Customers.

31.

USI is entitled to recover its reasonable attorney fees and costs pursuant to ORS §646.467.

## COUNT THREE
## (INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS)
### (Against McKnight, Holmes and Servco)

32.

Plaintiff realleges paragraphs 1 through 23 and 26 through 30.

33.

USI made a substantial investment in purchasing certain assets of WFI, including the Confidential Information and the business relations with the Newport Customers. As a result of this transaction, USI has existing business relations with the Newport Customers.

34.

Defendants, by soliciting USI's Newport Customers, are intentionally interfering with

USI's business relations with these customers. Defendants are further interfering with USI's business relations with the Newport Customers by contacting certain insurance carriers that provide insurance for Newport Customers with the improper purpose of interfering with USI's ability to continue to provide insurance coverage to those customers. Defendants' interference has been and is being unlawfully accomplished in violation of McKnight's contractual obligations under the Employment Agreement, defendants' common law duty to maintain the secrecy of the Confidential Information, and through defendants' misappropriation of USI's Confidential Information.

35.

USI has and continues to suffer irreparable injury as a direct and proximate result of defendants' intentional interference in its business relations with its Newport Customers. USI is entitled to the injunctive and relief prohibiting McKnight, Holmes and Servco from soliciting USI's Newport Customers for a period of three (3) years from the date McKnight's employment ended and from contacting insurance carriers that provide insurance for Newport Customers with the purpose of interfering with USI's ability to continue to provide insurance coverage to those customers. USI is further entitled to recover compensatory and consequential damages in an amount to be determined at trial resulting from defendants' intentional interference with USI's business relations with the Newport Customers and the insurance carriers that provide insurance for the Newport Customers.

WHEREFORE, USI prays for relief as follows:

1.      A judgment in its favor and against McKnight enjoining him (a) from soliciting, accepting, diverting or participating in the handling of any insurance business for any of USI's Newport Customers for a period of three years from May 2, 2014, (b) from contacting insurance carriers that provide insurance for Newport Customers with the purpose of interfering with USI's

ability to continue to provide insurance coverage to those customers, and (c) prohibiting Defendants from possessing, using and/or disclosing USI's Confidential Information;

2. A judgment in its favor and against all defendants enjoining them (a) from soliciting USI's Newport Customers for a period of three (3) years from May 2, 2014, (b) from contacting insurance carriers that provide insurance for Newport Customers with the purpose of interfering with USI's ability to continue to provide insurance coverage to those customers, and (c) prohibiting Defendants from possessing, using and/or disclosing USI's Confidential Information;

3. A judgment in its favor and against all defendants awarding USI its compensatory and consequential damages in the amount to be proven at trial;

4. A judgment in its favor and against all defendants awarding USI its reasonable attorney fees and costs; and

5. Such further relief deemed just and equitable by this Court.

DATED this 14th day of May, 2014.

                GARVEY SCHUBERT BARER

                By s/ Paul H. Trinchero
                    Paul H. Trinchero, Bar # 014397
                    Telephone: 503 228 3939
                    Fax: 503 226 0259
                    E-Mail: ptrinchero@gsblaw.com
                    Attorneys for Plaintiff USI Insurance Services, LLC

PDX_DOCS:517314.1 [14206.00800]